# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:18CV00763 ERW |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court following an evidentiary hearing held on February 21, 2019, on Petitioner Jesse Hampton's Motion and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF Nos. 1, 6). In its Memorandum and Order dated January 24, 2019 (ECF No. 21), the Court denied Petitioner's claims for relief in his Motion, with the exception of his claim in Ground One that he received ineffective assistance of counsel as his counsel erroneously advised him he would receive a concurrent sentence and significant jail time credit if he pleaded guilty. With respect to that claim, the Court found that an evidentiary hearing was necessary to determine whether Movant received ineffective assistance of counsel entitling him to relief.

To establish a claim for ineffective assistance of counsel, a defendant must show the counsel's performance was deficient and counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, the measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. "To establish the second prong of prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

1

*Id.* at 694. When a defendant has pled guilty, the defendant must demonstrate there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

As noted above, Petitioner raised two claims of ineffective assistance of counsel which were addressed at the evidentiary hearing. The Court will first consider Petitioner's contention that his counsel was ineffective as he advised Petitioner that he would receive jail time credit in his 2016 Criminal Case[1] for time served commencing February 13, 2014, the date Petitioner was incarcerated in his 2013 Criminal Case.[2] As noted in the Court's prior Memorandum and Order, the United States Department of Justice Bureau of Prisons ("BOP") has the authority to determine when a federal sentence commences. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). Here, the BOP made the determination that Petitioner was not entitled to receive credit in his 2016 Criminal Case for the time served going back to February 13, 2014, when his federal sentence was imposed for the 2013 Criminal Case. (ECF No. 1-2).

Although Petitioner contends his counsel assured him that he would receive this credit, the testimony provided at the hearing does not bear out Petitioner's averment. Instead, the Court finds credible Mr. Kilgore's testimony that he did not advise Petitioner he would get credit for time served prior to the date of his arrest in the 2016 Criminal Case and that he further informed Petitioner that ultimately it was up to the BOP to calculate any credit for time served. Accordingly, the Court finds that counsel did not provide Petitioner with erroneous advice

---

[1] *See United States v. Jessie Hampton*, 4:16CR93 ERW ("2016 Criminal Case"). The Court will indicate citations to the criminal docket ("CD") in this case as 2016 CD ECF.

[2] *See United States v. Jessie Lee Hampton*, 4:13CR309 SNLJ ("2013 Criminal Case").

regarding jail time credit and concludes Petitioner cannot establish ineffective assistance of counsel because he fails to satisfy the deficient performance prong of *Strickland*. *See Strickland*, 466 U.S. at 697 (concluding a court need not address both prongs of the analysis if the defendant makes an insufficient showing on either prong).

The Court will accordingly turn to Petitioner's remaining allegation—that he received ineffective assistance as his counsel provided him incorrect information about the consecutive nature of his sentence in his 2016 Criminal Case. Petitioner pleaded guilty to one count of Discharging a Firearm in Furtherance of a Crime of Violence Resulting in Murder in violation of 18 U.S.C §§ 924(c) and (j) . The Court sentenced Petitioner to a term of imprisonment of 264 months to "run *concurrently* with the sentence the defendant is currently serving from the Circuit Court, St. Louis, Missouri, Docket Numbers 1422-CR00459 and 1422-CR00461, and the United States District Court, Eastern District of Missouri, Docket Number 4:13CR00309 SNLJ. (2016 CD ECF No. 107) (emphasis added).

However, the statute under which Petitioner pleaded guilty requires the Court to sentence Petitioner to *consecutive* sentences, not concurrent sentences. The statute states unequivocally:

> Notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with *any other term of imprisonment* imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(D) (emphasis added). The wording of the statute could not be clearer. The 264 month term of imprisonment, if imposed according to the statute, must run consecutively to "any other term of imprisonment," which includes the sentences he was then serving from the Circuit Court and the United States District Court. *See United States v. Murphy*, 69 F.3d 237, 244 (8th Cir. 1995) (determining the defendant's sixty-month term for use of a firearm under

3

section 924(c) was statutorily mandated to run consecutively to any other term of imprisonment, including a federal drug sentence and a state sentence for second-degree murder).

As noted in the "Criminal History" section of Petitioner's Final Presentence Investigation Report (2016 CD ECF No. 101), the following sentences were imposed upon Petitioner at the time he was sentenced to 264 months by this Court in his 2016 Criminal Case: Judge Stephen Limbaugh Jr. sentenced Petitioner to 84 months' imprisonment in his 2013 District Court Case (Docket Number 4:13CR00309 SNLJ).[3] In his two St. Louis Circuit Court cases, Docket Numbers 1422-CR00459 and 1422-CR00461, Petitioner was sentenced to an aggregate of 6 years and 12 years' imprisonment, respectively.[4] Under 18 U.S.C § 924(c)(1)(D), the 264 month sentence imposed upon Petitioner was required to run consecutively to his state sentences and District Court sentence. Clearly, running his sentence concurrently versus consecutively to his other three sentences would greatly affect the length of his imprisonment.

Based upon the evidence presented at the hearing and the clear language of 18 U.S.C. § 924(c)(1)(D), the Court concludes that Petitioner was erroneously advised by his counsel as to the statutorily mandated consecutive nature of his sentence in his 2016 Criminal Case. Petitioner testified counsel advised him that his sentence would run concurrently with the other sentences he was currently serving. Counsel Patrick Kilgore testified that, at the time of the plea, he was under the impression that Petitioner's sentence could run concurrently with his other sentences at and he advised Petitioner that concurrent sentences were a possibility. Counsel admits he failed

---

[3] On February 13, 2014, Petitioner was sentenced in 4:13CR00309 SNLJ to 90 months in the BOP, however, the applicable guideline range was reduced by Amendment 782 to the United States Sentencing Guidelines, and on July 27, 2015, the judgment was amended to 84 months' imprisonment.

[4] Petitioner was originally sentenced on May 16, 2014, in both state cases. However, his original sentences were vacated on September 23, 2016, and he was resentenced on July 12, 2016, to the terms of imprisonment denoted above. In both cases, Petitioner's sentences were ordered to be run concurrently with each other and his federal sentences.

to inform Petitioner that if he plead guilty to a violation of 18 U.S.C. § 924, Petitioner's sentence would be statutorily mandated to run consecutively to the other sentences he was serving in the St. Louis County Circuit Court and the District Court. Counsel further conceded he erred in not advising Petitioner that his sentence needed to run consecutively.

As noted above, under *Strickland*, a defendant must show the counsel's performance was deficient and counsel's deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. A defendant must be informed of the direct consequences of a guilty plea for the plea to be voluntary and intelligent. *George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984). Here, counsel provided erroneous advice about the direct consequences of a guilty plea that would directly impacted the range of Petitioner's punishment. Thus, Petitioner has satisfied the first prong of deficient performance under *Strickland*. Additionally, Petitioner has established the prejudice required under the second prong of *Strickland* as the Court finds Petitoner's testimony credible that but for his counsel's erroneous advice, he would not have pled guilty and would have insisted on proceeding to trail. *See Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997).

Thus, the Court concludes Petitioner's Sixth Amendment right to counsel, as incorporated by the Fourteenth Amendment, was violated and he is entitled to relief from his sentence on that basis. The Court must add here, that although it finds counsel's assistance ineffective, it does so while equally acknowledging its own responsibility in failing to sentence Petitioner in accordance with the statute, and confesses that in ordering Petitioner's sentence to run concurrently, it committed judicial error. As such, based upon its finding of ineffective assistance of counsel, the Court will grant the relief requested by Petitioner and set aside his previously entered plea of guilty.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion and Amended Motion under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF Nos. 1 and 6] is **GRANTED, as to Ground One**. The order of sentence and judgment issued November 8, 2017, is vacated.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to Grounds Two, Three and Four raised in Movant's Motion.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Furnish Movant with a Copy of Discovery (ECF No. 10) will be denied as moot.

**IT IS FURTHER ORDERED** that the re-sentencing hearing scheduled in this case for February 27, 2019, is canceled. On March 6, 2019, at 11:15 a.m. in Courtroom 17 South, the Court will hold a status conference on Defendant's criminal case.

So ordered this 26th day of February, 2019.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE